# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RADIANT GLOBAL LOGISTICS, INC. | )<br>)<br>) No. 2:15-cv-05007 |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| BRIDGE VIEW PAPER CO., LLC | )<br>) |
| Defendant. | )<br>) |

## PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS

Plaintiff Radiant Global Logistics, Inc. ("Radiant"), by and through its attorney, hereby answers the Counterclaims of Defendant Bridge View Paper Co. ("Bridge View"), as follows:

## ANSWER

1. Denied. After reasonable investigation, Radiant does not have adequate information to form a belief as to the truth or falsity of the allegations in paragraph 1 and therefore denies the same.

2. Admitted.

3. This paragraph contains jurisdictional allegations that do not require a response.

4. This paragraph contains venue allegations that do not require a response.

5. Denied. After reasonable investigation, Radiant does not have adequate information to form a belief as to the truth or falsity of the allegations in paragraph 5 and therefore denies the same.

6. Admitted only that Bridge View contacted Radiant. After reasonable investigation, Radiant does not have adequate information to form a belief as to the truth or falsity of the remaining allegations in paragraph 6 and therefore denies the same.

7. Admitted only that Radiant indicated it would provide Bridge View with shipment and tracking capabilities. The remaining allegations of paragraph 7 are denied.

8. Denied.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Radiant incorporates by reference its responses to the allegations in paragraphs 1 through 15.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Radiant incorporates by reference its responses to the allegations in paragraphs 1 through 22.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Radiant incorporates by reference its responses to the allegations in paragraphs 1 through 27.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## AFFIRMATIVE DEFENSES

1. Bridge View's counterclaims fail to state a claim for which relief may be granted.

2. Bridge View materially breached its contract with Radiant, such that it is barred from enforcing the same against Radiant.

3. Bridge View is barred from seeking relief in equity, as a contract governs the parties' rights and obligations, and an adequate remedy at law is available to Bridge View.

4. Bridge View's claims are barred by the parties' course of dealing.

5. Bridge View's claims are barred by the doctrine of unclean hands.

6. Bridge View's claims are barred by the doctrine of laches.

7. Bridge View's claims are barred by the doctrines of waiver and/or estoppel.

8. Bridge View's damages, if any, were caused, wholly or partially, by its own breach of contract, tort or other wrongdoing, such that Radiant is not liable therefor.

9. Bridge View's damages, if any, were caused, wholly or partially, by the breach of contract, tort or other wrongdoing of one or more third parties for which Radiant is not responsible.

10. Bridge View is barred from recovering damages, if any, alleged in tort by the Economic Loss Rule.

11. Bridge View failed to mitigate its alleged damages, which in any event are denied.

12. Radiant's liability, if any, is limited by contract or by operation of law.

13. Bridge View is not entitled to punitive damages under Pennsylvania law or any other applicable law, as Radiant's alleged conduct did not rise to the level of conduct warranted for the imposition of punitive damages.

14. Radiant reserves the right to amend and add additional Affirmative Defenses that may become known to it during the course of discovery in this matter.

**WHEREFORE**, Radiant prays for relief as follows:

A. That Bridge View's counterclaims be dismissed with prejudice without award to Bridge View;

B. For an award of Radiant's costs and reasonable attorneys' fees incurred by Radiant in responding to Bridge View's counterclaims; and

C. For such other and further relief as the Court may deem just and proper.

Dated: November 9, 2015

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER

By: _/s/ Jason A. Levine_
Jason A. Levine (Attorney I.D. No. 306446)
jlevine@hangley.com
One Logan Square, 27th Floor
Philadelphia, PA 19103-6993
(215) 568-6200
(215) 568-0300 (facsimile)

*Attorney for Radiant Global Logistics, Inc.*

## CERTIFICATE OF SERVICE

I, Jason A. Levine, certify that on November 9, 2015, I caused a copy of the foregoing Plaintiff's Answer to Defendant's Counterclaims to be served via the Court's CM/ECF System where it is available for viewing and downloading.

Dated: November 9, 2015

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER

By: */s/ Jason A. Levine*
Jason A. Levine (Attorney I.D. No. 306446)
jlevine@hangley.com
One Logan Square, 27th Floor
Philadelphia, PA 19103-6993
(215) 568-6200
(215) 568-0300 (facsimile)

*Attorney for Radiant Global Logistics, Inc.*